IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR MOLINA and ANGELITA MOLINA, § § § Plaintiffs, § § VS. § NATIONWIDE PROPERTY AND § CASUALTY INSURANCE COMPANY, § § Defendant. § | CIVIL ACTION NO. H-10-4857 |

**MEMORANDUM AND OPINION**

**I.  Background**

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008. Victor and Angelita Morena sued their insurer, Nationwide Property and Casualty Insurance Company. Their petition, filed in the 11th District Court of Harris County on September 10, 2010, alleges breach of contract, fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. It also alleges breach of contract against Nationwide. Nationwide has filed a motion to dismiss. (Docket Entry No. 3). The Molinas have not responded. Based on the petition, the motion, and the relevant law, this court grants the Nationwide's motion to dismiss, with leave to amend. The Molinas have until **March 18, 2011** to file an amended complaint. The reasons for this ruling are explained below.

**II.  Analysis**

Nationwide argues that the Molinas' claims for fraud, conspiracy to commit fraud, and various misrepresentations under the Texas Insurance Code and Texas Deceptive Trade Practices

Act should be dismissed for failure to comply with Rule 9(b). A motion to dismiss for failure to plead with the particularity required by Rule 9(b) is treated as a Rule 12(b)(6) motion for dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that while Rule 9 requires pleading with particularity "when pleading 'fraud or mistake,'" it allows "'[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'" *Id.* at 1954 (alterations in original) (quoting FED. R. CIV. P. 9(b)); *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally."). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In *Iqbal*, the Court explained that term "generally," as used in Rule 9, "is a relative term." 129 S. Ct. at 1954. "In the

2

context of Rule 9, ['generally'] is to be compared to the particularity requirement applicable to fraud or mistake," that "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard," and that Rule 9 "does not give [a party] license to evade the less rigid-though still operative-strictures of Rule 8." *Id.* (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, at 291 (3d ed. 2004)). "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

Nationwide argues that the common law fraud and conspiracy to commit fraud claims should be dismissed because they are not sufficiently pleaded under Rule 9(b). The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To plead fraud sufficiently under Rule 9(b), the Molinas must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

The Molinas' petition alleges a variety of violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act arising out of the denial of their hurricane-damage claim. They contend that the adjusters' investigation was insufficient and that there are systemic problems in the

claims-adjusting process followed by the insurer. Their petition does not, however, allege what fraudulent statements or misrepresentations were made by which defendants, when they were made, or why they were fraudulent or otherwise inaccurate. The allegations of fraud and misrepresentation do not satisfy Rule 9(b).

The Molinas' allegation of conspiracy to commit fraud is derivative of their fraud claim. *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (unpublished) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Because they have failed to state a claim for fraud, they have failed to state a claim for conspiracy to commit fraud. *Cf. id.* (holding that summary judgment was appropriate on a claim of civil conspiracy to commit fraud when summary judgment was appropriate for the underlying fraud claim).

The remaining claims against Foster and Nationwide are also too vague. In both the factual background section and the causes of action, the petition essentially repeats the language of §§ 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and alleges a breach of the duty of good faith and fair dealing. Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544 at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading

deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 WRIGHT, MILLER & KANE § 1487; *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

     The motion to dismiss is granted, with leave to amend.  The Molinas have until **March 18, 2011** to file an amended complaint.

     SIGNED on February 23, 2011, at Houston, Texas.

                              Lee H. Rosenthal
                            United States District Judge